**CHILDREN FIRST FOUNDATION, INC. and Elizabeth Rex, Plaintiffs–Appellees,**

v.

**Raymond P. MARTINEZ, Jr., individually and in his official capacity as Commissioner of the New York Department of Motor Vehicles; Jill A. Dunn, individually and in her official capacity as Deputy Commissioner and Counsel for the New York Department of Motor Vehicles; Eliot Spitzer, individually and in his official capacity as Attorney General of the State of New York; and George E. Pataki, individually and in his official capacity as Governor of the State of New York, Defendants–Appellants.**

**No. 05–0567–CV, 05–1979–CV.**

United States Court of Appeals, Second Circuit.

March 6, 2006.

Jennifer Grace Miller, Assistant Solicitor General, (Daniel Smirlock, Deputy Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief) Albany, NY, for Appellants.

Jeffrey A. Shafer, Alliance Defense Fund, (Brian W. Raum, Gucciardo & Raum, P.C., Benjamin W. Bull, Kevin H. Theriot, Alliance Defense Fund, on the brief) Washington, DC, for Appellees.

Present: DENNIS JACOBS,
CHESTER J. STRAUB, and
ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of March, two thousand and six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the judgment of said District Court be and it hereby is DISMISSED.

Defendants appeal the January 4, 2005 decision of the district court denying defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the March 14, 2005 decision of the district court denying defendants' motion to reconsider as to the denial of qualified immunity. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"[W]e have noted that '[u]sually, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted.'" *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir.2004) (quoting *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir.1983)). Nevertheless qualified immunity may be raised on a Rule 12(b)(6) motion if "the facts supporting the defense appear[ ] on the face of the com-

plaint." *Id.* at 436. "[A]s with all with all Rule 12(b)(6) motions, the motion may be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief.'" *Id.* (quoting *Citibank N.A. v. K–H Corp.*, 968 F.2d 1489, 1494 (2d Cir.1992)). If qualified immunity cannot be determined as a matter of law, we lack appellate jurisdiction. *Id.* at 438.

■ Defendants argue that their denial of plaintiffs' picture plate application was permissible because New York State's picture plate program is a nonpublic forum. Even if defendants are correct that the picture plate program is a nonpublic forum, an issue we need not reach here, the complaint alleges that defendants engaged in viewpoint discrimination, and it is clearly established that, even in a nonpublic forum, restrictions on speech must be reasonable and viewpoint neutral. *Perry v. McDonald*, 280 F.3d 159, 169 (2d Cir.2001). The complaint, meanwhile, specifically alleges that defendants denied the picture-plate application "based on their disagreement with [the] life-affirming viewpoint expressed by the plate." On a motion to dismiss, we must accept this allegation, and all reasonable inferences drawn from it, as true. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir.1998).

■ Defendants also argue that it would have been reasonable for them to believe their actions were permissible under the government speech doctrine. Although the government may discriminate on the basis of viewpoint when it is speaking only for itself, *see Legal Services Corp. v. Velazquez*, 531 U.S. 533, 541—42, 121 S.Ct. 1043, 149 L.Ed.2d 63 (2001); *Bd. of Regents v. Southworth*, 529 U.S. 217, 229, 120 S.Ct. 1346, 146 L.Ed.2d 193 (2000); *Rosenberger v. Rector & Visitors*, 515 U.S. 819, 833, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995); *Rust v. Sullivan*, 500 U.S. 173,

196–97, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991), custom license plates involve, at minimum, some private speech, *see Wooley v. Maynard*, 430 U.S. 705, 715, 717, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (holding that New Hampshire's requirement that motorists display the message "Live Free or Die" on their licenses plates violated motorists' First Amendment rights); *Perry*, 280 F.3d at 166–67 (describing personalized plates as private speech on government property). Therefore, it would not have been reasonable for defendants to conclude this doctrine permitted viewpoint discrimination in this case.

Because facts supporting the defense of qualified immunity do not appear on the face of the complaint, we lack appellate jurisdiction. Therefore, based on the foregoing, the appeal is DISMISSED.